UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTOINE DESHAWN BARNES,

    Plaintiff,

v.

SANTA CLARA COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,

    Defendants.

Case No. 20-cv-02113-YGR (PR)

**ORDER OF DISMISSAL**

## I.  INTRODUCTION

This action was reassigned from a magistrate judge to the undersigned in light of a recent Ninth Circuit decision.[1] Plaintiff, who is currently in custody at Kings County Jail, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He has named the following Defendants: the Santa Clara County District Attorney's Office and the "Superior Court of San Jose," which is otherwise known as the Santa Clara County Superior Court.

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (dkt. 11) will be granted in a separate written order. Plaintiff has also filed a motion entitled, "Motion to Add Second Defendant, [P]residing Judge as Part of Defendant Party," which will be construed as a motion for leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d). Dkt. 12. The supplemental complaint includes a related claim against a new defendant, the "[p]residing judge in Case #2040007." *Id.* at 1.

For the reasons stated below, the Court dismisses the complaint for failure to state a claim for relief.

## II.  DISCUSSION

### A.  Plaintiff's Request for Leave to File a Supplemental Complaint

Plaintiff requests leave to file a supplemental complaint to add a related claim against an

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

unnamed state court judge who was involved in issuing a warrant in Plaintiff's criminal case. Dkt. 12 at 1.

Under Federal Rule of Civil Procedure 15, Plaintiff may amend as of right at any time prior to the filing of a responsive pleading and thereafter only with leave of court. Leave must be freely granted "when justice so requires." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); cf. id. (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). While mere delay in seeking to amend is not grounds to deny amendment, leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Id.*; *see also Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (district court's finding of prejudice to defendants sufficient to deny amendment, because motion to amend came at eleventh hour, when summary judgment pending and discovery period had closed, affirmed as proper exercise of district court's discretion).

The Court finds that it is in the interests of justice and judicial efficiency to GRANT Plaintiff's request for leave to file a supplemental complaint, which includes the related claim against the state court judge. Dkt. 12. The Court shall now review Plaintiff's complaint and supplemental complaint below.

**B.    Review of Plaintiff's Complaint and Supplemental Complaint**

**1.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated, and

(2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 2. Plaintiff's Claims

Plaintiff names as a Defendant the Santa Clara County District Attorney's Office for conspiring to have excessive bail set. *See* Dkt. 1 at 3. However, this Defendant is immune from suit. A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). A prosecutor's act of setting bail is conduct taken as an advocate for the State and is intimately associated with the judicial phase of the criminal process. *See Gobel v. Maricopa County*, 867 F.2d 1201, 1204 (9th Cir. 1989) ("Absolute prosecutorial immunity attaches to the actions of a prosecutor if those actions were performed as part of the prosecutor's preparation of his case. . . ."); *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (finding that preparing and filing a criminal information and a motion for an arrest warrant are protected by absolute immunity). Thus, Defendant Santa Clara County District Attorney's Office has absolute immunity against a claim for damages because the excessive bail claim was based on the prosecutors' conduct as advocates in the criminal case. *See Buckley*, 509 U.S. at 272-73; *Imbler*, 424 U.S. at 430-31.

Plaintiff also names as Defendants the "[p]residing judge in Case #2040007" as well as the Santa Clara County Superior Court. To the extent Plaintiff brings claims against the state court judge who issued the warrant in his case, a state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). "[J]udicial immunity is an immunity from suit for damages, not just from ultimate assessment of damages." *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Finally, Plaintiff's claims against the Santa Clara County Superior Court are barred by the Eleventh Amendment. *See Simmons v. Sacramento County Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003).

In sum, the individual defendants, which includes the aforementioned prosecutors and state court judge, are absolutely immune from liability on Plaintiff's claims, and the Eleventh Amendment bars claims against the state court. Accordingly, the entire complaint and supplemental complaint are DISMISSED as Plaintiff's allegations against Defendants fail to state a claim cognizable under 42 U.S.C. § 1983. Such dismissal will be without leave to amend, as any amendment under the circumstances alleged herein would be futile. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (holding leave to amend need not be granted where amendment constitutes exercise in futility).

### C. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's request for leave to file a supplemental complaint is GRANTED. Dkt. 12.

2. The complaint and supplemental complaint are DISMISSED for failure to state a claim. Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

3. The Clerk of the Court shall terminate all pending motions as moot and close the file.

4. This Order terminates Docket No. 12.

IT IS SO ORDERED.

Dated: July 14, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge